Lindsey v. The Le Mars Bank.

---

LINDSEY v. THE LE MARS BANK *et al.*

**Evidence:** ACTION ON LOST DRAFT. In an action for the value of a lost draft, the evidence (see opinion) is considered, and *held* to establish, without conflict, that the draft was drawn and delivered to plaintiff, and by him sent by mail to another, who never received it; that it was lost in the mail, and was never paid to any one, though seven years had elapsed; and, upon this uncontradicted evidence, *held* that plaintiff was entitled to judgment.

*Appeal from Plymouth District Court.*—HON. SCOTT M. LADD, Judge.

FILED, FEBRUARY 12, 1890.

ACTION for the value of a lost draft. Judgment for defendant, and plaintiff appeals.

*Sam. Hussey* and *Martin, Gaynor & Scott,* for appellant.

*Argo & McDuffie,* for appellee.

GRANGER, J.—The defendant Dent is a banker at Le Mars, Iowa; and on December 25, 1882, he issued to plaintiff the following draft:.

"WM. H. DENT, Banker,
                "LE MARS, December 25, A. D. 1882.

"Pay to the order of Edmund Lindsey one hundred and seven and fifty-one-hundredths dollars.    National Bank of Illinois.          '          WM. H. DENT."

This draft was indorsed as follows:

"Pay to the order of A. R. Loomis.
                          "EDMUND LINDSEY."

The essential averments of the petition are that plaintiff received the draft at Boonesborough, Iowa, December 26, 1882, and, with the above indorsement thereon, mailed the same at Boonesborough to A. R. Loomis, in care of Millard F. Le Roy, the private secretary, attorney, agent and cashier of said A. R. Loomis' bank at Manchester, Iowa, the said A. R. Loomis being at the time in California; that neither Le Roy nor Loomis ever received the draft, and that the draft is lost. The answer to the petition is a denial.

The only question in the case is, are the averments of the petition so established by the evidence as to entitle the plaintiff to judgment? The district court must have found they were not, as it gave judgment for the defendant.

The cause was tried to the court without the aid of a jury, and its findings have the force and effect of a verdict. The question, then, with us, is, is the testimony so without conflict that, as a matter of law, the plaintiff should have judgment? We think it is. The petition seeks to recover on the grounds that the plaintiff purchased the draft of the defendant; that it was lost in the mails, and has not been paid. The petition was not assailed by motion or demurrer, and its sufficiency cannot now be questioned. It must be regarded as stating a cause of action. We then look to the proofs.

The plaintiff gave the following testimony: "*Answer.*
The draft was dated about the twenty-fifth day of
December, 1882, drawn by the Le Mars bank, Wm. H.
Dent, banker, on the National Bank of Illinois, for the
amount of $107.51, payable to the order of Edmund
Lindsey. My book shows that I received the draft on
the twenty-fifth day of December, 1882. *Question.*
What did you do with the draft? *A.* The following
day, as shown by my letter-book, I indorsed the draft
payable to the order of A. R. Loomis, and mailed to
him in care of M. F. Le Roy, Manchester, Delaware
county, Iowa, with a letter instructing Mr. Loomis to
apply the amount on my notes due from me to A. R.
Loomis; Loomis being at that time in California, and
M. F. Le Roy being his agent, attorney and cashier
of his bank at Manchester, Delaware county, Iowa."
This testimony stands uncontradicted and unimpaired
by other testimony in the case. It is shown on cross-
examination that about that time he was doing con-
siderable business, and buying many drafts; but his
statements are made from his letter-book, showing the
transmission of the draft, and in addition he says he
has positive recollection that he received the draft, and
sent it to Mr. Loomis. The fact that the draft was
issued at that time is not disputed. With this testi-
mony, the fact of sending the draft must be treated as
established.

Next, was the draft lost? Mr. Loomis was at the
time in California, and Mr. Le Roy was his cashier,
clerk and agent, and had charge of his affairs in his
bank. The draft was sent to Loomis, in Le Roy's care,
at Manchester. He is the man who would have received
it, if it reached there in the regular course of mails,
which should have been, at the outside, in two days
after mailing. He says in his testimony: "I have
examined carefully, several times, my books, papers
and office desk, and find no evidence of such draft. If
mailed to me, it did not reach me; and I am positive I
never had it. I never turned it over to Mr. Loomis nor

indorsed it, and never drew the money on it." Besides this, the testimony shows that he has examined the books and they furnish no evidence of its receipt.

Now, if we stop there, what is the *status* of the case? Do not these facts show a loss, if uncontradicted? Seven years have elapsed, and no trace of the draft is since found. To our minds, the testimony thus stated is amply sufficient, if uncontradicted, to show, as a matter of law, the loss of the draft.

Now let us look for testimony to present a conflict as to these facts. It is said in argument that neither Le Roy nor Loomis say they did not receive the drafts. But that is a mistake, as to Le Roy, who was the only one at home, and who would have received it. He says, in words: "I am positive I never had it." ' Mr. Dent says he had money in Chicago to pay the draft; but he does not say it was paid, nor is there any showing that the draft has ever been returned, as is usual. The testimony shows that such drafts are generally returned in about thirty days.

The testimony, without any conflict whatever, shows that neither Lindsey nor Loomis has ever had pay on the draft. The court cannot presume, in the absence of all evidence, that some one may have wrongfully presented it, and received payment; and such a presumption must be indulged to overcome the showing made by the plaintiff. We think, with the uncontradicted testimony in the case, there should have been a judgment for the plaintiff.          REVERSED.